IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

|  |  |
|---|---|
| COLBY T. ZIER,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF ED LESTER, MARK JOHNSON, RAY VAUGHN, and BUTTE-SILVER BOW COUNTY,<br><br>Defendants. | CV 24–184–BU–DWM<br><br>ORDER |

Plaintiff Colby T. Zier, a state pretrial detainee proceeding pro se, alleges that his constitutional rights were violated when he was not provided with toothpaste for several weeks at the Butte-Silver Bow Detention Center. (Doc. 2.) He names as defendants Sheriff Ed Lester, Mark Johnson, Ray Vaughn, and Butte-Silver Bow County (collectively, "Defendants"). (*Id.*) Defendants have moved for summary judgment on the ground that Zier was not denied toothpaste and, even if he had been, he cannot show that Defendants were deliberately indifferent. (Docs. 21–24.) After being given additional time to respond, (*see* Docs. 27, 29), Zier opposes, (Doc. 30). For the reasons stated below, Defendants' motion is granted.

**BACKGROUND**

The following facts are undisputed unless otherwise noted, (*see* Doc. 23),

1

and viewed in the light most favorable to Zier, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam).

I.  **Zier's Claims**

From April to August 2024, Zier was a pretrial detainee at the Butte-Silver Bow Detention Center (the "Detention Center") in Butte, Montana. (Doc. 23 at ¶ 1.) Zier alleges that that he was without toothpaste from April 15 to June 14, 2024 and from July 16 to August 15, 2024. (Doc. 2 at 3.) According to Zier, he filed several grievances alleging that he was denied toothpaste for multiple weeks. (*See id.* at 4.) There was either no response to those grievances or prison staff indicated that toothpaste had been on back order. (*See id.* at 4–5) While Zier alleges that the lack of toothpaste resulted in tooth decay, throat pain, and stomach pain, (*see id.* at 5), Zier did not submit any requests for medical or dental treatment, (Doc. 23 at ¶ 28).

II.  **Toothpaste Procurement**

Chief Johnson was responsible for ordering the hygiene products for inmates at the Detention Center from the Bob Barker Company ("Bob Barker"), which is a nationwide supplier for federal, state, and local corrections and detention facilities. (Doc. 23 at ¶ 4.) On April 29, 2024, Johnson ordered 10 cases of toothpaste from Bob Barker, each containing 144 .85-ounce tubes of Nature Mint toothpaste. (*Id.* ¶ 5.) The Detention Center received that order within a week or less. (*Id.* ¶ 6.)

2

On May 2, 2024, Johnson ordered an additional 15 cases of toothpaste from Bob Barker. (*Id.* ¶ 9.) Upon placing that order, Johnson was notified that the toothpaste was on "backorder and would ship separately" from the remainder of the Detention Center's order. (*Id.* ¶ 10 (alteration omitted).) There is no indication the Detention Center ever received the backordered toothpaste.

On June 11, 2024, Johnson ordered 4 cases containing 1,000 .28-ounce packets of Nature Mint toothpaste from Bob Barker. (*Id.* ¶ 11.) Upon placing that order Johnson was once again informed that the toothpaste was on "backorder and would ship separately." (*Id.* ¶ 12 (alteration omitted).) There is no indication that the Detention Center ever received this order.

On June 14, 2024, Johnson ordered 4 cases containing 240 .85-ounce tubes of Colgate toothpaste from Bob Barker. (*Id.* ¶ 13.) The Detention Center received this order during the week of June 17, 2024. (*Id.* ¶ 14.)

In July 2024, inmates complained about toothpaste because tubes were not available for purchase at the canteen. (*Id.* ¶ 16.) As a result, on July 16, 2024, the Detention Center purchased additional toothpaste from the Dollar Tree in Butte. (*Id.* ¶ 17.) This toothpaste was provided to inmates individually in plastic cups distributed by detention staff. (*Id.*) According to Defendants, each cup provided enough toothpaste to last for one week but additional toothpaste could be distributed if necessary. (*Id.*)

3

On August 9, 2024, Johnson ordered 1 case containing 1,000 .15-ounce packets of Colgate toothpaste and 5 cases containing 240 .85-ounce tubes of Colgate toothpaste from Bob Barker. (*Id.* ¶ 18.) This order was received by the Detention Center the week of August 12, 2024. (*Id.* ¶ 19.) In the interim, on August 11, 2024, the Detention Center purchased additional toothpaste from the Dollar Tree in Butte, which was once again distributed in plastic cups. (*Id.* ¶ 23.) Notably, however, Zier has provided a canteen "inventory" sheet dated August 12, 2024 that shows there was no toothpaste available through the canteen that day. (*See* Doc. 2-1.)

On September 6, 2024, Johnson ordered 8 cases containing 240 .85-ounce tubes of Colgate toothpaste from Bob Barker. (*Id.* ¶ 25.) The Detention Center received this order the following week. (*Id.* ¶ 26.)

According to Johnson, "[e]ach inmate/pre-trial detainee uses approximate one tube [of toothpaste] per week." (Doc. 24 at ¶ 11.) With an average inmate population of 134 individuals, Johnson opines there would have been more than enough toothpaste received in the above orders to satisfy all inmate needs. (*See id.* at ¶¶ 10, 11, 18, 23, 24, 30.)

### III. Procedural Background

On November 19, 2024, Zier filed suit, alleging that the lack of toothpaste violated his Eighth Amendment rights. (Doc. 2.) On January 14, 2025,

4

Defendants were ordered to answer, (Doc. 8), and they did so on March 11, 2025, (Doc. 14). A scheduling order was entered, (Doc. 16), and Defendants filed the present motion for summary judgment on July 23, 2025, (Doc. 21). That motion was accompanied by the requisite Rand notice. (Doc. 25.) Zier opposes the motion, (*see* Doc. 30), but did not file a statement of disputed facts.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it impacts the outcome of the case in accordance with governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Tatum v. Moody*, 768 F.3d 806, 814 (9th Cir. 2014). Nonetheless, the nonmoving party must identify, with some reasonable particularity, the evidence that it believes precludes summary judgment. *See Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (explaining that while pro se parties are exempted from "*strict* compliance with the summary judgment rules," they are "not exempt[ed] . . . from *all* compliance[,]" such as the requirement to identify or submit competent evidence in support of their claims).

ANALYSIS

The Due Process Clause requires that pretrial detainees be provided with adequate food, clothing, shelter, sanitation, and medical care. *See Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (addressing outdoor exercise). To prove a due process violation based on the conditions of confinement, a plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). The deprivation of basic hygiene items, such as toothpaste, can be considered a constitutional violation if it results in significant harm or poses a substantial risk of serious harm. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) ("Dental care is one of the most important medical needs of inmates.").

Here, Defendants assert that they are entitled to summary judgment on the grounds that there is no Fourteenth Amendment violation because the Detention Center had sufficient toothpaste for all inmates during the timeframe of Zier's allegations and Defendants took reasonable available measures to abate the risk. Because Defendants are correct as to the latter, summary judgment is granted in their favor.

6

### A.   Toothpaste Supply

Defendants first argue that Zier's claim fails on the merits because the undisputed facts show that the Detention Center had sufficient toothpaste for all inmates during the relevant timeframe. This argument is not premised on any evidence or testimony as to conditions on the ground at the time; rather, Defendants argue there was sufficient, available toothpaste because, mathematically, the facility ordered enough toothpaste to equip the average inmate population of 134 individuals with one "tube" per week. (*See generally* Doc. 23; Doc. 24 at ¶ 11.) However, as argued by Zier, there is a genuine dispute of fact whether those invoices reflected what was actually provided to inmates. Indeed, Zier has filed a canteen "invoice" indicating that no toothpaste was available on a day Defendants argue there should have been more than enough. (*See* Doc. 2-1.) Defendants' calculations about order amounts and average use does not preclude a finding that inmates were not given toothpaste during the alleged timeframe. There is a fundamental difference between whether there should have been enough toothpaste and whether there actually was enough toothpaste. Nevertheless, Defendants' efforts to obtain toothpaste and provide it to inmates bears on whether they can be found constitutionally culpable as discussed below.

### B.   Reasonable Available Measures

Defendants further argue that Zier cannot show the third element under

7

*Gordon* is met here. Given the record, that argument is persuasive. "With respect to the third element [under *Gordon*], the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Gordon*, 888 F.3d at 1125 (cleaned up). Ultimately, "the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quotation marks and footnote omitted). "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quotation marks omitted). Here, the undisputed facts show that Defendants consistently ordered or attempted to order toothpaste for inmates. (*See generally* Doc. 23.) While there were delays in receiving toothpaste and Defendants did not immediately seek an alternative supply of toothpaste, the record does not support a finding that Defendants' alleged failure to provide toothpaste amounted to reckless disregard. To the contrary, the record shows that, despite the delay, Defendants took "reasonable available measures to abate th[e] risk," *Gordon*, 888 F.3d at 1125, including switching the type of toothpaste ordered and proactively buying toothpaste from a local vendor in the interim, (*see generally* Doc. 23, 24). Zier's claim therefore fails on this ground.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Defendants' motion for

8

summary judgment (Doc. 21) is GRANTED. The Clerk is directed to enter judgment in favor of Defendants and close the case file.

DATED this 20th day of October, 2025.

                                                 */s/ Donald W. Molloy*
                                               Donald W. Molloy, District Judge
                                               United States District Court